(Hamilton Co. Court of Common Pleas.)

F. S. STARKEY, Assignee, etc., v. H. C. WAINRIGHT et al.

---

(1). An assignor is not entitled to homestead exemption to be paid from rents collected by the assignee, as against the claim of a mortgagee of the property rented, where the proceeds from the sale of the porperty were not sufficient to satisfy the mortgage.

(2). Until the purchase money is paid, the purchaser has not such an estate in land as will support the homestead right against the party to whom the purchase money is due.

SPIEGEL, J.

This case comes into this court upon an appeal from an order of the probate court, as follows:

"And this cause coming on furtner to be heard upon the applization of Henry C. Wainright, the assignor herein, and upon his affidavit on file, for an allowance to him in lieu of homestead exemptions, a sum of money not exceeding $500 out of the rents collected by said assignee, and derived from the real estate sold in this cause during the administration of said estate, the court finds that the assignee had collected rents, up to the time when the assignor filed his claim for homestead exemption herein, the sum of $382; and that said assignor was and now is a married man and the head of a family, not an owner of a homestead, but a resident of the state of Ohio, living with and supporting his family in said county and state; that the wife of said assignor is not the owner of a homestead, and that the said assignor, Henry C. Wainright, has claimed, demanded and selected the rents, not exceeding $500, now in the hands of said assignee, exempt to him in lieu of a homestead under the laws of Ohio, and by reason of the said mortgage of the St.

Clair Building & Loan Company, the said assignor is not entitled to hold said rents, or any part thereof, exempt, to all of which the said Henry C. Wainright excepts, gives notice of appeal, and appeal bond is fixed at $200.

"It is therefore ordered that said assignee pay:

"First. The taxes and penalty, including December installment, 1897, a lien upon said real estate, amounting to $140.35.

"Second. That he pay the street assessments, a charge upon said real estate, amounting to $52.10.

"Third. That he be allowed herein the sum of $106.03, money expended by him for bond, expense, cleaning vault, and repair to premises, water rent, etc.

"Fourth. That he pay the court costs, taxed at $133.16.

"Fifth. That he reserve to himself his allowance as assignee, including statutory and attorney's fee, heretofore found due him by the court, amounting to $130; to which said plaintiff, F. S. Starkey, excepts.

"Sixth. That he distribute to the St. Clair Building & Loan Company the balance of the proceeds in his hands, including the rents collected by him, of said real etate on account of its claim as heretofore found due it."

Counsel for plaintiff claims that the assignor is entitled to a homestead exemption, or $500 in lieu thereof, or such amount as has been collected by the assignee as rental from the assigned premises during said assignment.

I do not believe this claim to be well founded.

The total amount collected as such rents was about $400; and it can not be controverted that the fourth item of the order of the probate court, to-wit, the court costs, precede the homestead exemption.

The next question to be determined is whether it was the duty of the assignee, during his official term, to pay the taxes which had accrued upon said real estate. As between the assignor, who was also the mortgagor, and the building association, it seems to me there can be no question, that the latter is entitled to the payment of said taxes from the rental derived from the property iteself.

The next question, whether the assignor is entitled to any part of said rents collected, in payment of his homestead claim, the amount due to the building association, under its mortgage, not being paid in full from the proceeds of the sale of the real estate itself, must be decided in favor of the mortgagee, to wit, the building association.

Under the decision of our Circuit Court in M. J. Hutchinson, assignee, v. Kate M. Straub et al decided by judge James M. Smith, of the First Circuit, October Term, 1897, Volume XVI., page 452, the yllabus of the case reads as follows:

"When the assignee for the benefit of creditors takes the rents from land mortgaged, the mortgagee is entitled to them if necessary to fully pay his mortgage as against the general creditors of the insolvent."

The amount still due the building association after the sale exceeds the amount collected as rents, and of itself would be sufficient to justify the dismissal of the appeal.

But, in addition to the foregoing rules deduced from the facts before me, the testimony further shows that the mortgage given to the building association by the assignor was for a balance of unpaid purchase money for his homestead. I think the rule is well established that, until the purchase money is paid, the purchaser has not such an estate in land as will support the homestead right against the party to whom the purchase money is due. The building association having advanced the money for the purchase of the homestead of the assignor, its lien is paramount to his homestead right; and the sale of the property not having realized the full amount of its claim, the Probate Court did not err in adding to the amount thus realized the rentals collected by the assignee.

The judgment of the court is, therefore, that said appeal be dismissed.

F. S. Starkey for plaintiff; Burch & Johnson and J. G. Hudson for Wainright; Cobb & Howard for the St. Clair Building & Loan Company; Corporation Counsel for the city.